UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Benjamin Mario Soto,<br><br>          Plaintiff,<br><br>v.<br><br>Midwest Publishing-DN Inc., et. al (MPI) and<br>Midwest Special Services, Inc., et. al (MSS),<br><br>          Defendants. | Civil No. 14-2597 (JNE/JJG)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed *in forma pauperis* ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (ECF No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     DISCUSSION**

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendants under some cognizable legal theory. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely

conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Here, most of the complaint is incomprehensible and does not present a clear, well-organized factual narrative. Some portions are illegible. Plaintiff appears to be upset regarding a failed employment situation, and includes various vague and broad allegations about harassment, accommodations, and termination. The Court notes that Plaintiff recently filed a substantially similar complaint[1] in a different case in this District, and the magistrate judge assigned to that case declined to grant Plaintiff's IFP application, noting the pleading deficiencies. *See Soto v. Morris*, Civ. No. 13-2777 (DWF/SER) (D. Minn. filed Oct. 7, 2013). The Court will not permit a substantially similar complaint to now proceed.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Plaintiff has not alleged any facts, which if proven true, would establish that the named Defendants violated his rights under any of the federal laws mentioned in his complaint, or any other federal laws. Even with the

---

[1] Outside of the instant case, Plaintiff has recently filed several additional actions in this District. *Soto v. Morris*, Civ. No. 0:13-02777 (DWF/SER) (D. Minn. filed Oct. 7, 2013); *Soto v. Access Ability Inc.*, Civ. No. 0:13-02253 (DWF/SER) (D. Minn. filed Aug. 16, 2013); *Soto v. State of Minn. 2nd Judicial Dist. Special Courts Div. Domestic Abuse & Harassment Office*, Civ. No. 0:13-02191 (DWF/SER) (D. Minn. filed Aug. 13, 2013); *Soto v. Minn. Bureau of Crim. Apprehension*, Civ. No. 0:13-00640 (DWF/SER) (D. Minn. filed Mar. 20, 2013).

liberal construction that is required in *pro se* cases, *see Atkinson*, 91 F.3d at 1129 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's current complaint fails to state an actionable claim for relief.  Again, the allegations in Plaintiff's complaint do not describe any specific acts or omissions by the Defendants which could support any discernible claim.

Moreover, Plaintiff appears to bring claims for employment discrimination, but also notes in the complaint that he is seeking to do so without exhausting his administrative remedies. (*See* Compl. ¶ 9, Oct. 7, 2013, ECF No. 1.)   It is well settled that a complainant must exhaust all of his or her administrative remedies before bringing a federal employment discrimination claim into federal court.   As the Court of Appeals explained in *Williams v. Little Rock Municipal Water Works*, 21 F.3d 218, 222 (8th Cir. 1994):

> "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.  *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 . . . (1989).   To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue."

"The proper exhaustion of administrative remedies gives the plaintiff a green light to bring [an] employment discrimination claim."   *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996).   Because Plaintiff has not exhausted his administrative remedies, he does not have "the green light" to bring a federal employment discrimination claim in federal court at this time

Because Plaintiff's complaint fails to state a cause of action on which relief can be granted, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     RECOMMENDATION**

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.     Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) be **DENIED**; and

2.     This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: July 11, 2014                              *s/ Jeanne J. Graham*
                                                              JEANNE J. GRAHAM
                                                              United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 31, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.