UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Benjamin Mario Soto,

      Plaintiff,

v.

Midwest Publishing-DN Inc., et al. (MPI) and
Midwest Special Services, Inc., et al. (MSS),

      Defendants.

No. 14-cv-2597 (JNE/JJG)
ORDER

---

      This matter is before the Court on a Report and Recommendation. ECF No. 3. There, the Magistrate Judge recommends that Plaintiff Benjamin Mario Soto's Application to Proceed In Forma Pauperis ("IFP") be denied and that this action be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) because his complaint fails to state a claim on which relief may be granted. Soto objected, and the Court has conducted a de novo review of the record.

      Soto first challenges the Magistrate Judge's conclusion that he has not pled sufficient facts to state a plausible claim for relief. Soto's complaint asserts that his rights under the "Declaration of Independence of 1776, Northwest Ordinance of 1787, both State and U.S. Constitutional Bill of Rights, Federal Titles I and V of the Americans with Disabilities Act of 1990 (ADA), 42 USC 1983, and both 42 USC 1985 and 42 USC 1986" are all at issue in this case. In his objection, however, Soto focuses on his claim that he was terminated from his employment with Defendant Midwest Publishing in violation of the ADA.

      "The ADA prohibits certain employers from discriminating against individuals on the basis of their disabilities." *Conant v. City of Hibbing*, 271 F.3d 782, 784 (8th Cir. 2001). "To obtain relief under the ADA, [Soto is] required to show that he was a disabled person within the

meaning of the ADA, was qualified to perform the essential functions of his job, and suffered an adverse employment action because of his disability." *Finan v. Good Earth Tools, Inc.*, 565 F.3d 1076, 1079 (8th Cir. 2009). *See also Conant*, 271 F.3d at 784.

Soto's complaint, even construed liberally and incorporating the additional allegations included in his objection, is insufficient to avoid dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). It is noteworthy that the Court has reached the same conclusion with regard to two similar complaints that Soto recently filed in this district, including one also arising out of his apparently unsuccessful attempt at employment with Midwest Publishing. *See* Order, *Soto v. Morris et al.*, No. 13-cv-2777 (DWF/SER) (Jan. 2, 2014), ECF No. 16 (Magistrate Judge order finding Soto's pro se complaint against Midwest Publishing and Midwest Special Services to be inadequate, directing him to file an amended complaint, and referring him to the Federal Bar Association's Pro Se Project[2]); Order, *Soto v. Access Ability Incorporated et al.*, No. 13-2253 (DWF/SER) (May 30, 2014), ECF No. 58 (adopting Report and Recommendation that Soto's IFP application be denied and his employment discrimination action dismissed pre-service for failure to state claim on which relief may be granted).

---

[1] In his objection, Soto requests leave to amend his Complaint. Because the Complaint is inadequate even with the additional allegations, amendment would be futile. *See, e.g., Zutz v. Nelson*, 601 F.3d 842, 850-51 (8th Cir. 2010).

[2] Soto did obtain counsel through the Court's referral to the Federal Bar Association's Pro Se Project. In lieu of amending the complaint, however, Soto's counsel voluntarily dismissed the action. *See* Notice of Dismissal, *Soto v. Morris et al.*, No. 13-cv-2777 (DWF/SER) (Jan. 22, 2014), ECF No. 20.

Though Soto's failure to plead sufficient facts alone requires the dismissal of this action, he also takes issue with the Magistrate Judge's additional conclusion that his failure to file a timely charge of discrimination with the Equal Employment Opportunity Commission is a bar to this suit. It is true, as Soto points out, that the Supreme Court has held "that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982). However, Soto has pled no facts that could establish a claim to waiver, estoppel, or equitable tolling. *See Montin v. Estate of Johnson*, 636 F.3d 409, 414 (8th Cir. 2011); *Briggs v. Wheeling Machine Product Co.*, 499 Fed.Appx. 634, 634 (8th Cir. 2013) (unpublished) (affirming preservice dismissal of ADA discrimination action where plaintiff's complaint acknowledged failure to timely file EEOC charge and plaintiff "did not allege any facts indicating her untimely EEOC filing should be excused").

The Court therefore adopts the Magistrate Judge's recommendation that Soto's IFP application be denied and this action summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's Application to Proceed In Forma Pauperis [ECF No. 2] is DENIED.
2. This action is SUMMARILY DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 27, 2014         s/Joan N. Ericksen
                               JOAN N. ERICKSEN
                               United States District Judge