UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Benjamin Mario Soto,

        Plaintiff,

v.

Midwest Publishing-DN Inc., et al. (MPI) and
Midwest Special Services, Inc., et al. (MSS),

        Defendants.

No. 14-cv-2597 (JNE/JJG)
ORDER

---

    On August 27, 2014, the Court adopted the recommendation of the United States Magistrate Judge over the objection of the Plaintiff and summarily dismissed this action under 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk entered judgment the following day.

    The case is now before the Court on Plaintiff Benjamin Mario Soto's self-styled "Request for Rehearing According to Fed. R. Civ. P. Rule 60."  There, Soto takes issue with the Court's adoption of the Magistrate Judge's recommendation and, by his own count, repeats the content of his previous filings for the third time.

    Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding" for any of a number of reasons, including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," and "any other reason that justifies relief."  However, Rule 60(b) "is not a vehicle for simple reargument on the merits."  *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).  As a motion under Rule 60 does not substitute for a direct appeal, the movant's "failure to present reasons not previously presented and considered by the court" is by itself "a controlling factor against granting relief."  *Sanders v. Clemco Industries*, 862 F.2d 161, 170 (8th Cir. 1988) (quoting *Fox v. Brewer*, 620

1

F.2d 177, 180 (8th Cir. 1980)).  Therefore, because Soto's "Request for Rehearing" only reiterates what he already presented to the Court in his Objection to the Magistrate Judge's Report and Recommendation, it will not be granted under Rule 60.

The Court has also considered Soto's motion as a motion to alter or amend the judgment under Rule 59(e).  *See Auto Services Co., Inc. v. KPMG, LL*P, 537 F.3d 853, 855 (8th Cir. 2008) ("A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment."); *Norman v. Arkansas Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) ("[A]ny motion that draws into question the correctness of the judgment is functionally a motion under [Rule 59(e)], whatever its label.").  But merely restating what has already been considered is insufficient to warrant relief under Rule 59(e).  *See Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000) (affirming denial of Rule 59(e) motion where the movant "merely restated the arguments she made in opposition to the [defendant's] summary judgment motion and provided no additional reasons why summary judgment was inappropriate").

Finally, if the motion was intended as a request for permission to file a motion for reconsideration under District of Minnesota Local Rule 7.2(j), it is denied.  *Cf. DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999) (expressing "doubt that [Local Rule 7.2(j)] was intended to apply to post-judgment motions filed [under] Fed. R. Civ. P. 59(e)").  The submission makes no showing of "compelling circumstances" to justify reconsideration.

As a result, no matter how construed, Soto's "Request for Rehearing" is denied.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's Request for Rehearing According to Fed. R. Civ. P. Rule 60 [ECF No. 9] is DENIED.

Dated: September 11, 2014                         s/Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge